**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5314-16T3

GAIL OWENS,

    Plaintiff-Appellant,

v.

PORT AUTHORITY TRANS-HUDSON
CORPORATION,

    Defendant-Respondent.

_____

Submitted August 1, 2018 – Decided August 8, 2018

Before Judges Hoffman and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Docket No. L-
1792-15.

Myers Lafferty Law Offices, PC, attorneys for
appellant (Patrick J. Finn, on the brief).

Port Authority Law Department, attorneys for
respondent (Lauren T. Grodentzik, of counsel
and on the brief).

PER CURIAM

    Plaintiff Gail Owens appeals from the July 20, 2017 order entering judgment in favor of defendant Port Authority Trans-Hudson Corporation (PATH) following a jury trial. Plaintiff

contends the trial judge improperly admitted a video that depicted the incident in which she was injured, and that defense counsel made an improper comment during summation. After a review of these contentions in light of the record and applicable principles of law, we affirm.

While working as a conductor for PATH, plaintiff alleges she injured her right shoulder when she was opening a door between train cars. During discovery, defendant produced a surveillance video that showed plaintiff standing at the train door, opening it, and stepping through to the motorman's cab. Plaintiff contends this footage does not show the actual moment of her injury. She says she was injured on her first attempt to open the door, stating the door was jammed and as she tried to pull it open, she felt a pop in her shoulder. The door opened freely when she tried it a second time.

Plaintiff presented a motion in limine prior to trial to exclude the video surveillance as it did not show the entire incident and it had not been authenticated.[1] During the trial, defense counsel played the video for plaintiff and she agreed the

---

[1] Plaintiff advises that the motion was denied. Defendants claim there was no ruling on the exclusion of the video. Instead, the trial judge held the video would be admitted into evidence if it was properly authenticated. The rulings were not on the record and there is no transcript for our review.

A-5314-16T3

footage showed her standing in front of and then opening the cab door without incident on the specific date and time of her injury.

Plaintiff's counsel objected to the video being shown to the jury, arguing that plaintiff could not authenticate the video herself. Counsel stated authentication had to come from the person who took the footage off the whole stream and edited it. He reiterated that the footage did not show the entire incident. The judge overruled the objection, stating that plaintiff could authenticate the video and he permitted the jury to view it.

After the video was shown to the jury,[2] plaintiff testified it did not show her "fighting with the door." Plaintiff's counsel continued to argue the footage was edited and a PATH representative was needed to authenticate it. As a result, the judge ordered defendant to produce a knowledgeable representative the following day to discuss the video. However, when the PATH witness appeared, plaintiff's counsel stated: "I don't want to -- I don't need to cross-examine this . . . witness on the video. . . . I'm fine with the way the video came in at this point. So, I don't need any further witness on it."

During trial, plaintiff testified that nine months prior to her work injury, she had been involved in a motor vehicle accident

---

[2] A juror requested the court replay the video, which was done.

 A-5314-16T3

in which she injured her right shoulder and received some medical treatment. During closing arguments, defense counsel made the following comments:

> And so, ladies and gentlemen, you saw a video of the incident I'm not going to describe -- you saw it for yourself. I'm not going to describe to you what happened in -- in the video and what you saw -- but I just ask that you consider three seconds. Three seconds opening a door, now Ms. Owens says she cannot work as a PATH conductor. Three seconds opening a door, or a high speed motor vehicle accident traveling 55 miles an hour.

There was no objection to the comment.

The jury returned a verdict in favor of defendant. A motion for Judgment Notwithstanding the Verdict was denied and an Order for Judgment was entered on July 20, 2017.

On appeal, plaintiff argues the trial judge abused his discretion in permitting the jury to view the videotape surveillance, and defense counsel distorted the evidence in her closing remarks. We disagree.

"When a trial court admits or excludes evidence, its determination is 'entitled to deference absent a showing of an abuse of discretion, i.e., [that] there has been a clear error of judgment.'" Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016) (quoting State v. Brown, 170 N.J. 138, 147 (2001)) (alteration in original). "Thus, we will reverse an evidentiary ruling only if

it 'was so wide off the mark that a manifest denial of justice resulted.'" Ibid. (quoting Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)); see also State v. Marrero, 148 N.J. 469, 484 (2016); State v. Carter, 91 N.J. 86, 106 (1982).

Although plaintiff's counsel initially objected to the admission of the videotape, he later withdrew the objection despite the judge having requested defense counsel produce a witness with knowledge of the production of the tape. When that representative appeared in court, plaintiff's counsel advised that he did not "need to cross-examine this . . . witness on the video." He continued, stating he was "fine with the way the video came in."

We are satisfied there was no abuse of discretion in the admission of the tape as plaintiff has not demonstrated a "manifest denial of justice." Plaintiff described the date, and time of the accident and the number of the car she was attempting to enter. The video — containing a car number, date and time stamp — was played for plaintiff only, at which time she corroborated it depicted her opening the train door at the specific date and time. She, therefore, authenticated the videotape. N.J.R.E. 801(c); State v. Wilson, 135 N.J. 4, 14 (holding a witness must identify the person, place or things shown in a videotape for authentication).

Plaintiff has failed to present any proofs that the videotape was edited. Her counsel did not depose any witnesses during discovery to establish this argument. Nor was plaintiff herself asked any specific questions about the incident footage. To the contrary, she identified herself as the person shown in the video. It was not error to admit the tape.

We also can perceive no plain error in defense counsel's fleeting comment during summations. See R. 2:10-2. The comments were based upon the evidence shown in the video and testimony presented by plaintiff, as counsel questioned the causality of plaintiff's shoulder injury. Without an objection, it is presumed the comment was not prejudicial. Jackowitz v. Lang, 408 N.J. Super. 495, 505 (App. Div. 1994). The isolated comment is insufficient to warrant a new trial. See ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION